No. 5161.

STATE ex rel. MARY B. CALDWELL v. THE JUDGE OF THE FOURTH DISTRICT COURT, Parish of Orleans.

A rule by relator was taken in the court *a qua* to show cause why her opposition to the homologation of the report of certain experts should not be maintained, and an order of sale be rescinded. On trial, the opposition was dismissed, and the application to rescind the sale discharged. The judge *a quo* refused to grant an appeal. Among other reasons for it he alleged that these orders are merely interlocutory, and can not operate an irreparable injury. This is an error. The facts are such as to entitle relator to an appeal.

APPLICATION for a mandamus to the judge of the Fourth District Court, parish of Orleans. *Race, Foster & Merrick*, for relator *Judge Lynch, in propria persona*, and *W. H. Rogers*.

TALIAFERRO, J. The relator complains that the judge of the Fourth District Court of New Orleans refuses to grant her appeals from two orders rendered by him in a certain suit pending in that court, and numbered on its docket 41,696, which orders she alleges would work irreparable injury to her if carried into effect. She prays this court to issue a mandamus, commanding the said judge to grant the appeals prayed for to this court.

The facts presented by the petition are, that in a certain case, numbered as aforesaid, pending in the Fourth District Court of New Orleans, entitled Mary Malady v. Wm. Malady and Mary Caldwell, the plaintiff, Mary Malady seeking to have a partition made of certain property in New Orleans, consisting of houses and lots owned in common by her with the defendants, obtained an order appointing experts to examine and report, whether the property is susceptible of division in kind or not. The report of the experts was made and filed in court on the seventeenth of January, 1874, declaring that the property is not susceptible of division in kind. On the same day, an order was rendered at the instance of the plaintiff, homologating the report of the experts. On the twenty-sixth of January, within ten days of the filing in court of the report of experts, an opposition to the homologation of the report was filed on behalf of the relator, alleging various grounds of

11

opposition. On the same day a petition was filed by Mary Malady, praying that the property should be sold; and on the thirtieth of January, an order of sale was rendered. On the tenth of February, it seems, the relator took a rule on the plaintiff to show cause why the order of sale should not be rescinded. On the second of March both the opposition to the homologation of the report of the experts and the rule to rescind the sale were tried. The opposition was dismissed and the rule to rescind discharged.

It is from these orders that the relator complains. She was refused appeals. A rule *nisi* was granted, and the judge answered at some length. He assigns various reasons for refusing the appeals prayed for, and among them, that the orders are merely interlocutory, and in his opinion, not such as can operate an irreparable injury. Upon consideration of the facts of this case as we find them, we come to a different conclusion. The relator swears that irreparable injury will result to her from the denial of the appeals, and we think she presents a case entitling her to the right of appeal. It is therefore ordered that the rule be made absolute, and that the respondent be ordered to grant the relator the appeals prayed for, upon compliance on her part with the law, by giving good and sufficient security, conditioned as the law directs.